# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 15, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ERIC ROMO, | * | |
| | * | |
| Petitioner, | * | No. 23-1825V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Joseph Pepper,* Conway Homer, P.C., Boston, MA, for petitioner.
*Tyler King,* U.S. Department of Justice, Washington, D.C., for respondent.

### RULING ON ENTITLEMENT[1]

On October 17, 2023, Eric Romo ("petitioner"), filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleges that he suffered from Guillain-Barré Syndrome ("GBS") as a result of the influenza vaccine administered to him on November 10, 2020. Amended Petition at Preamble (ECF No. 15). Specifically, petitioner alleges that he suffered a demyelinating injury, GBS, and chronic inflammatory demyelinating polyneuropathy ("CIDP") a result of the flu vaccine. *Id.*

On October 11, 2024, respondent filed the Rule 4(c) report recommending that compensation be awarded for petitioner's GBS following administration of the flu vaccine.[3] Respondent ("Resp't") Report ("Rept.") (ECF No. 24). Respondent states that petitioner "has

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this unpublished opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

[3] Respondent specifically denies that petitioner had CIDP and that the flu vaccine can cause CIDP. The recommendation for compensation is based solely upon petitioner's Table flu/GBS claim. Resp't Rept., n. 1.

2

satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") for GBS as a result of the flu vaccine." *Id.* at 7; *see also* 42 C.F.R. § 100.3(a)(XIV)(D), (c)(15).  Additionally, petitioner's medical records do not contain any evidence of an alternate cause for petitioner's condition and his records demonstrate that he has met the severity criteria outlined in §300aa—11(c)(1)(D).

     A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required 42 U.S.C. § 13; Vaccine Rule 8(d). In light of respondent's recommendation and my own review of the record, petitioner has established that he has suffered a Table GBS, and is entitled to compensation. This matter shall now proceed to the damages phase.

     **IT IS SO ORDERED.**

     **s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master